Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff
Loewe, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOEWE, S.A., <br><br> *Plaintiff* <br><br> v. <br><br> AIOLOC, CAINIAOYIHAO, DERRSOY, E-GORGEOUS JEWELRY, EIPRON, GTCEX CUSTOM, GUKOUQI, HUIHUANG GROUP, KUAILEFENGCHE, LUCKY LILI, POPSEWING, QIFUUS, SLS STORE, WENLING CITY QITIAN E-COMMERCE CO., LTD., XBD WALKIE TALKIES, YIM YUAN, YUYUZHONGYAN, and ZHENGZHOUMIANJIEHULIANWANGKEJIYOUXIAN GONGSI, <br><br> *Defendants* | CIVIL ACTION NO. 24-cv-8872 (VEC) <br><br> [PROPOSED] FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER FOR DEFENDANT GTCEX CUSTOM |

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Loewe** | Loewe, S.A. | N/A |
| **Defendants** | Aioloc, cainiaoyihao, Derrsoy, E-Gorgeous Jewelry, EIPRON, GTCEX CUSTOM, Gukouqi, HuiHuang GROUP, kuailefengche, Lucky Lili, POPSEWING, QifuUS, sls store, Wenling City Qitian E-Commerce Co., Ltd., XBD Walkie Talkies, Yim Yuan, yuyuzhongyan and zhengzhoumianjiehulianwangkejiyouxiangongsi | |
| **Defaulting Defendant** | GTCEX CUSTOM | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on November 21, 2024 | 1 |
| **Complaint** | Plaintiff's Complaint filed on November 21, 2024 | 6 |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on November 21, 2024 | 13-16 |
| **Lambert Dec.** | Declaration of Nicolas Lambert in Support of Plaintiff's Application | 14 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 13 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on November 22, 2024 | N/A |

| PI Show Cause Hearing | December 6, 2024, hearing to show cause why a preliminary injunction should not issue | N/A |
|---|---|---|
| **PI Order** | Preliminary Injunction Order entered on December 6, 2024 | 17 |
| **Loewe Products** | Luxury women's and men's leather goods, clothing, perfume and other fashion accessories | N/A |
| **Loewe Marks** | U.S. Trademark Registration Nos.: 1,328,409 for ![mark] for a variety of goods in Classes 18 and 25; 4,852,854 for ![mark] for a variety of goods in Class 25; 5,754,088 for ![mark] for a variety of goods in Classes 18 and 25; 5,946,699 for ![mark] for a variety of goods in Class 18 and 25; 4,693,808 for ![mark] for a variety of goods in Class 14; 5,343,342 for ![mark] for a variety of goods in Class 24; 5,999,318 for ![mark] for a variety of goods in Class 3; 5,047,314 for ![mark] for a variety of goods in Classes 3, 9, 14, 18 and 25; 4,036,941 for ![mark] a variety of goods in Class 3; 6,458,330 for | N/A |

| | | |
|---|---|---|
| | [Loewe logo] for a variety of goods in Classes 3 and 4; 6,235,345 for [LOEWE AURA logo] for a variety of goods in Class 3; 2,655,473 for [Loewe logo] for a variety of goods in Class 9; 2,770,759 for "LOEWE" for a variety of goods in Class 25; 2,079,138 for "ESENCIA LOEWE" for a variety of goods in Class 3; 2,099,086 for "AIRE LOEWE" for a variety of goods in Class 3; 1,122,323 for "LOEWE" for a variety of goods in Classes 16, 18 and 20; 2,770,759 for "LOEWE" for a variety of goods in Class 25; 3,021,208 for "SOLO LOEWE" for a variety of goods in Class 3; 5,332,346 for "CASA LOEWE" for a variety of goods in Class 35; 1,513,278 for "LOEWE" for a variety of goods in Class 3 and 14; 6,458,158 for "LOEWE HONESTY" for a variety of goods in Class 3; 6,274,715 for "LOEWE" for a variety of goods in Class 9; 4,152,315 for "AURA LOEWE" for a variety of goods in Class 3; 5,477,594 for "LOEWE" for a variety of goods in Class 24; 6,458,331 for "LOEWE" for a variety of goods in Classes 3 and 4; 4,801,597 for "LOEWE" for a variety of goods in Class 35; 7,349,718 for "LOEWE AIRE" for a variety of goods in Class 3; 4,948,683 for "LOEWE 001" for a variety of goods in Class 3; 7,349,717 for "LOEWE SOLO" for a variety of goods in Class 3; 7,349,719 for "LOEWE 7" for a variety of goods in Class 3; 2,698,284 for "LOEWE" for a variety of goods in Class 9; 6,647,043 for "PAULA'S IBIZA" for a variety of goods in Classes 18, 24 and 25; and 4,906,598 for "ECLECTIC" a variety of goods in Class 3 | |
| **Loewe Design** | U.S. Design Patent No. D774,299 entitled "Handbag" | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Loewe Marks, and/or products in packaging and/or containing labels bearing the Loewe Marks, and/or bearing or used in connection with marks that are confusingly similar to the Loewe Marks and/or products that are identical or confusingly similar to the Loewe Products and/or products using or identical to the Loewe Design | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online | N/A |

iii

| | | |
|---|---|---|
| | marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), Amazon Payments, Inc. ("Amazon Pay"), PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Amazon, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on February 20, 2025 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

iv

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendant GTCEX CUSTOM ("Defaulting Defendant") for Defaulting Defendant's trademark infringement, trademark counterfeiting, patent infringement, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendant's unauthorized use of Plaintiff's Loewe Marks and/or Loewe Design, without limitation, in Defaulting Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendant's Liability

1) Judgment is granted in favor of Plaintiff as to the First, Second and Fourth Causes of Action pleaded in the Complaint (trademark counterfeiting, trademark infringement and patent infringement).

## II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement and the Patent Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Seventy Five Thousand Dollars ($75,000.00) in statutory damages against Defaulting Defendant pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act and post-judgment interest ("Defaulting Defendant's Individual Damages Award").

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defaulting Defendant (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Loewe Marks and/or Loewe Design and/or marks and/or designs that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Loewe Marks and/or Loewe Design;

   B. operation of Defaulting Defendant's User Accounts and Defaulting Defendant's Merchant Storefronts including, without limitation, continued operation of Defaulting Defendant's User Accounts and Merchant Storefronts in violation of this Order;

   C. directly or indirectly infringing in any manner any of Plaintiff's Loewe Marks and/or Loewe Design;

   D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Loewe Marks and/or Loewe Design to identify any goods or services not authorized by Plaintiff;

2

E. using Plaintiff's Loewe Marks, or any other marks that are confusingly similar to the Loewe Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

F. making, using, selling, importing and/or offering to sell products that infringe the Loewe Design;

G. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendant and Defaulting Defendant's commercial activities by Plaintiff;

H. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendant's User Accounts, Merchant Storefronts or Defaulting Defendant's Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

I. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution,

3

display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendant must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendant that infringe any of Plaintiff's trademarks, patents or other rights including, without limitation, Loewe Marks and/or Loewe Design, or bear any marks and/or designs that are confusingly similar to the Loewe Marks and/or Loewe Design pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendant and all persons in active concert and participation with Defaulting Defendant who receive actual notice of this Order, including Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendant's Assets from or to Defaulting Defendant's Financial Accounts.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendant and all persons in active concert and participation with Defaulting Defendant who receive actual notice of this Order, including Third Party Service Providers who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

    A. operation of Defaulting Defendant's User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendant's User Accounts and Merchant Storefronts; and

    B. knowingly instructing, aiding, or abetting any other person or business entity to engage in any of the activities referred to in subparagraphs III(1)(A) through III(1)(I) and III(3)(A) and III(4)(A) above, including, without limitation, by providing services necessary for Defaulting Defendant to continue operating Defaulting Defendant's User Accounts and Merchant Storefronts in violation of this Order.

## IV.   Dissolution of Rule 62(a) Stay and Asset Turnover Pursuant to N.Y. C.P.L.R. § 5225

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

2) IT IS FURTHER ORDERED, that one (1) week after final judgment is entered, Plaintiff will either: (1) file a motion for an asset turnover pursuant to N.Y. C.P.L.R. § 5225; or (2) notify the Court of its intention not to proceed with a request for an asset turnover so the case may be closed.

## V.   Miscellaneous Relief

1) Defaulting Defendant may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendant to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendant to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

SO ORDERED.

*[signature]* 4/4/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE