Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Loewe, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOEWE, S.A.,

*Plaintiff*

v.

AIOLOC, CAINIAOYIHAO, DERRSOY, E-GORGEOUS JEWELRY, EIPRON, GTCEX CUSTOM, GUKOUQI, HUIHUANG GROUP, KUAILEFENGCHE, LUCKY LILI, POPSEWING, QIFUUS, SLS STORE, WENLING CITY QITIAN E-COMMERCE CO., LTD., XBD WALKIE TALKIES, YIM YUAN, YUYUZHONGYAN, and ZHENGZHOUMIANJIEHULIANWANGKEJIYOUXIANGONGSI,

*Defendants*

**CIVIL CASE NO. 24-cv-8872 (VEC)**

**~~[PROPOSED]~~ ORDER DIRECTING THE TURNOVER OF DEFAULTING DEFENDANTS' ASSETS FROM AMAZON**

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Loewe** | Loewe, S.A. | N/A |
| **Defendants** | Aioloc, cainiaoyihao, Derrsoy, E-Gorgeous Jewelry, EIPRON, GTCEX CUSTOM, Gukouqi, HuiHuang GROUP, kuailefengche, Lucky Lili, POPSEWING, QifuUS, sls store, Wenling City Qitian E-Commerce Co., Ltd., XBD Walkie Talkies, Yim Yuan, yuyuzhongyan and zhengzhoumianjiehulianwangkejiyouxiangongsi | N/A |
| **Defaulting Defendants** | Aioloc, cainiaoyihao, Derrsoy, E-Gorgeous Jewelry, EIPRON, GTCEX CUSTOM, Gukouqi, HuiHuang GROUP, kuailefengche, Lucky Lili, POPSEWING, QifuUS, Wenling City Qitian E-Commerce Co., Ltd., Yim Yuan, yuyuzhongyan and zhengzhoumianjiehulianwangkejiyouxiangongsi | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on November 21, 2024 | 1 |
| **Complaint** | Plaintiff's Complaint filed on November 21, 2024 | 6 |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financials (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on November 21, 2024 | 13-16 |
| **Lambert Dec.** | Declaration of Nicolas Lambert in Support of Plaintiff's Application | 14 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 13 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financials; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on November 22, 2024 | N/A |

| | | |
|---|---|---|
| **PI Show Cause Hearing** | December 6, 2024, hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | Preliminary Injunction Order entered on December 6, 2024 | 17 |
| **Loewe Products** | Luxury women's and men's leather goods, clothing, perfume and other fashion accessories | N/A |
| **Loewe Marks** | U.S. Trademark Registration Nos.: 1,328,409 for [design] for a variety of goods in Classes 18 and 25; 4,852,854 for [design] for a variety of goods in Class 25; 5,754,088 for [design] for a variety of goods in Classes 18 and 25; 5,946,699 for [design] for a variety of goods in Class 18 and 25; 4,693,808 for [design] for a variety of goods in Class 14; 5,343,342 for [design] for a variety of goods in Class 24; 5,999,318 for [LOEWE SOLO ELLA design] for a variety of goods in Class 3; 5,047,314 for [design] for a variety of goods in Classes 3, 9, 14, 18 and 25; 4,036,941 for [LOEWE 7 design] a variety of goods in Class 3; 6,458,330 for | N/A |

| | | |
|---|---|---|
| | for a variety of goods in Classes 3 and 4; 6,235,345 for LOEWE AURA for a variety of goods in Class 3; 2,655,473 for for a variety of goods in Class 9; 2,770,759 for "LOEWE" for a variety of goods in Class 25; 2,079,138 for "ESENCIA LOEWE" for a variety of goods in Class 3; 2,099,086 for "AIRE LOEWE" for a variety of goods in Class 3; 1,122,323 for "LOEWE" for a variety of goods in Classes 16, 18 and 20; 2,770,759 for "LOEWE" for a variety of goods in Class 25; 3,021,208 for "SOLO LOEWE" for a variety of goods in Class 3; 5,332,346 for "CASA LOEWE" for a variety of goods in Class 35; 1,513,278 for "LOEWE" for a variety of goods in Class 3 and 14; 6,458,158 for "LOEWE HONESTY" for a variety of goods in Class 3; 6,274,715 for "LOEWE" for a variety of goods in Class 9; 4,152,315 for "AURA LOEWE" for a variety of goods in Class 3; 5,477,594 for "LOEWE" for a variety of goods in Class 24; 6,458,331 for "LOEWE" for a variety of goods in Classes 3 and 4; 4,801,597 for "LOEWE" for a variety of goods in Class 35; 7,349,718 for "LOEWE AIRE" for a variety of goods in Class 3; 4,948,683 for "LOEWE 001" for a variety of goods in Class 3; 7,349,717 for "LOEWE SOLO" for a variety of goods in Class 3; 7,349,719 for "LOEWE 7" for a variety of goods in Class 3; 2,698,284 for "LOEWE" for a variety of goods in Class 9; 6,647,043 for "PAULA'S IBIZA" for a variety of goods in Classes 18, 24 and 25; and 4,906,598 for "ECLECTIC" a variety of goods in Class 3 | |
| **Loewe Design** | U.S. Design Patent No. D774,299 entitled "Handbag" | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Loewe Marks, and/or products in packaging and/or containing labels bearing the Loewe Marks, and/or bearing or used in connection with marks that are confusingly similar to the Loewe Marks and/or products that are identical or confusingly similar to the Loewe Products and/or products using or identical to the Loewe Design | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online | N/A |

| | | |
|---|---|---|
| | marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financials** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), Amazon Payments, Inc. ("Amazon Pay"), PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex") | N/A |
| **TPSP** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Amazon, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on February 20, 2025 | 30-48 |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | 31 |
| **Final DJ Order** | The Final Default Judgment entered against Defaulting Defendants by the Court on April 4, 2025 | 51-67 |
| **Motion for a Turnover Order** | Plaintiff's Motion for an Order Directing the Turnover of Funds from Third Party Service Provider Amazon | TBD |
| **Nastasi Turnover Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Motion for a Turnover Order | TBD |

This matter comes before the Court by motion filed by Plaintiff for an Order directing the turnover of Defaulting Defendants' Assets held by Amazon, to be applied on account of the judgment in the amount of: (a) $75,000.00 against each of the following ten (10) Defendants: Aioloc, cainiaoyihao, Derrsoy, E-Gorgeous Jewelry, GTCEX CUSTOM, Lucky Lili, Wenling City Qitian E-Commerce Co., Ltd., Yim Yuan, yuyuzhongyan and zhengzhoumianjiehulianwangkejiyouxiangongsi pursuant to 15 U.S.C. § 1117(c);); (b) $250.00 against each of the following two (2) Defendants: kuailefengche and QifuUS pursuant to 35 U.S.C. § 289; (c) $3,961.44 against Defendant EIPRON pursuant to 35 U.S.C. § 289; (d) $2,092.44 against Defendant Gukouqi pursuant to 35 U.S.C. § 289; (e) $2,431.17 against Defendant HuiHuang GROUP pursuant to 35 U.S.C. § 289; and (f) $8,078.52 against Defendant POPSEWING pursuant to 35 U.S.C. § 289. (Dkt. 51-67).

The Court, having considered the Memorandum of Law, Declaration of Gabriela N. Nastasi and all accompanying exhibits thereto, the Court hereby GRANTS the Motion for a Turnover Order.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1) The restraints on Defaulting Defendants' Financial Accounts held by Amazon are lifted for the sole purpose of effecting the transfer of all Defaulting Defendants' Assets to Plaintiff; and

2) Amazon shall turn over all of Defaulting Defendants' Assets held in Defaulting Defendants' User Accounts with Amazon, or so much of it as is sufficient to satisfy the judgment to Plaintiff.

SO ORDERED.

4/21/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE